**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**EARL ANSELMO EDWARDS, Defendant**

Criminal No. 316/1987, 233/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

October 14, 1988

LAWRENCE ACKER, ESQ., Assistant Attorney General (Department of Law), St. Croix, V.I., *for plaintiff*

CORTLAND E. BERRY, ESQ., Territorial Public Defender, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Counsel for defendant Earle A. Edwards contends that his client is so incapacitated by mental illness that he is unfit to stand trial. A competency hearing was held on October 3, 1988, following which decision was reserved and written submissions were invited from both sides. Defense counsel, who has zealously advocated what he views to be his client's best interests, has responded with a comprehensive memorandum of law in support of his contention that the defendant is incompetent. The Government has responded with silence. Nevertheless, and with due regard to the arguments advanced by defense counsel, the Court is constrained to find the defendant competent to stand trial.

## FACTS

Earle A. Edwards, who has a long psychiatric history, is charged with a number of crimes stemming from an alleged unprovoked assault upon his neighbors in December, 1987. Following his arrest, he was examined by Dr. Richard R. Cicinelli, a psychiatrist employed by the Department of Health, who noted the defendant's chronic mental illness, characterized by alternating relapses and

remissions. However, Dr. Cicinelli concluded that the defendant was competent to stand trial. In May, 1988, after his attorney became concerned that, in his view, Edwards had become incompetent, the Department of Health again examined the defendant and reported that, while he was not psychotic or "floridly regressed," he had deteriorated and become unreasonable concerning his case and, consequently, incompetent to stand trial. Dr. Cicinelli's last examination of the defendant was in September, 1988, about which he has testified at the most recent hearing.

According to Dr. Cicinelli, Edwards has again become competent under the influence of the anti-psychotic medication Prolixin. The psychiatrist noted that, although the defendant has been considered a paranoid schizophrenic, he may have been misdiagnosed and may actually be manic depressive instead, so that he may do even better on an alternative medication which has not yet been prescribed. Whatever the correct diagnosis, it is the expert's firm opinion that the defendant can only remain competent if he continues to accept medication. Dr. Cicinelli described the pattern of the defendant's mental status improving under the influence of anti-psychotic drugs, at which point he refuses to continue taking the medication, claiming that it has been responsible for making him ill in the first place. Edwards presently is confined at Anna's Hope and of late has been coaxed into continuing to accept injections of Prolixin. By way of summary, Dr. Cicinelli testified that the question of the defendant's fitness to stand trial is a close one and that he is only "barely competent" at this time.

Attorney Cortland Berry, the defendant's counsel, testified that he has been unable to discuss with his client the legal aspects of the case, most particularly the possibility of plea negotiations, because the defendant is fixated on the circumstances of the incident and insists that he merely needs to explain his side of the story and the case will, in effect, go away. Counsel noted his concern that the defendant unreasonably believes that he has nothing to be concerned about in this matter.

During the testimony of Dr. Cicinelli and Attorney Berry, the defendant appeared to be listening with full attention. That is not to say, of course, that the Court was privy to his mental processes while he sat at counsel table, but merely that his demeanor generally was appropriate. While Attorney Berry was testifying, the defendant raised his hand and asked to be heard, and he was permitted to testify over the advice of his counsel. The defendant

51

had a narrow focus and continued to want to talk about the facts of the case, notwithstanding several reminders to him that the competency hearing was not a trial on the merits. Within that context, however, he spoke lucidly, coherently and apparently rationally. In expressing his intense concern that he be heard on his view that the incident was the fault of his neighbors and not himself, he was clear and controlled.

Undoubtedly, the defendant represents a challenge to his attorney. Most likely, it will be difficult and will require exceptional patience to communicate with the defendant about the legal aspects of this case. However, the defendant appears to be able not only to understand the charges against him but also to assist counsel in the factual elements of this matter and, with effort, to be able to understand the legal alternatives which are open to him and to select among those alternatives. It may well be that he will disregard the advice of his attorney on questions, for example, relating to plea negotiations. But such disagreements, and his insistence on having a trial even over the advice of counsel, do not ipso facto demonstrate his incompetence.

## DISCUSSION

The test for determining competence to stand trial is twofold: 1) whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and 2) "whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960); McFadden v. United States, 814 F.2d 144 (3d Cir. 1987). The fact that a person suffers from a mental illness does not necessarily mean that he is incompetent to stand trial. United States ex rel. Rivers v. Franzer, 692 F.2d 491 (7th Cir. 1982). The burden of proof rests upon the Government to prove competence rather than upon the defendant to prove the converse. Brown v. Warden, 682 F.2d 348 (2d Cir.), cert. denied, 459 U.S. 991 (1982); Phillips v. Lane, 787 F.2d 208 (7th Cir.), cert. denied 107 S. Ct. 249 (1986).

In the case at bar, the burden of production, i.e., the burden of going forward, was allocated to, and readily assumed by, the defendant. Defense counsel called Dr. Cicinelli as a witness, defense counsel testified himself, and the defendant testified on his own behalf; the Government cross-examined. Notwithstanding the manner in which the hearing was conducted, analytically the

52

burden of proof may still rest upon the Government. "The ... court can, of course, allocate the burden of going forward with the evidence bearing on competency in any manner which will provide for the expeditious development of the facts ...." United States v. DiGilio, 538 F.2d 972, 988 n.20 (3d Cir. 1976), cert. denied sub nom., Lupo v. United States, 429 U.S. 1038 (1977); United States v. Hollis, 569 F.2d 199 (3d Cir. 1977). Even without the Government having borne the burden of production, the evidence adduced by the defendant, particularly the testimony of Dr. Cicinelli, weighs in favor of a finding of fitness to stand trial.

Drope v. Missouri, 420 U.S. 162 (1975), addressed the question of when sufficient doubt has been raised as to the defendant's competence so as to require a hearing. The Supreme Court noted, in language equally pertinent to the ultimate question of competence:

> There are, of course, no fixed or immutable signs .... The question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same fact.

Id. at 180.

■ The proof of this defendant's competence to stand trial is not overwhelming, and the decision is a close one. Under the circumstances, therefore, the standard of proof is critical. Defendant correctly states the law that competence to stand trial need only be established by a preponderance of the evidence. DiGilio, supra. By that standard, the Court is persuaded that the defendant has the capacity to stand trial, which shall be conducted during the week of November 14, 1988.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the defendant is found to be competent to stand trial; and it is further

ORDERED:

1. This matter is scheduled for jury selection on November 14, 1988;

2. This matter shall be tried during the week of November 14, 1988;

3. All motions shall be filed no later than November 7, 1988;

4. All discovery, except for material subject to Fed. R. Crim. P. 26.2, shall be completed by November 7, 1988;

5. Requests for voir dire and special jury instructions shall be submitted by November 9, 1988;

*The Court shall be informed of any proposed plea agreement or dismissal no later than November 9, 1988.*